UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT G. THOMPSON,

    Petitioner,	Civil No. 5:86-CV-60201
                                                                   HONORABLE VICTORIA A. ROBERTS
v.	UNITED STATES DISTRICT JUDGE

DALE FOLTZ,

    Respondent,
_____/

## OPINION AND ORDER (1) DENYING IN PART THE RULE 60 (B) MOTION FOR RELIEF FROM JUDGMENT, (2) TRANSFERRING IN PART THE RULE 60(B) MOTION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) AND (3) GRANTING MOTION FOR LEAVE TO FILE REPLY TO ANSWER

      Robert G. Thompson, ("Petitioner"), confined at the Brooks Correctional Facility In Muskegon Heights, Michigan, filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). Petitioner claims that this Court's predecessor, Judge George La Plata, lacked subject matter jurisdiction to adjudicate his 1986 habeas petition, in which Petitioner challenged his 1981 state court conviction for first-degree felony murder and armed robbery, because his conviction was the result of a void state court judgment. Respondent filed an answer to the Rule 60(b) motion. Petitioner filed a motion for leave to file a reply to the answer and a reply to the answer. For the reasons stated below, the Court denies in part the 60(b) motion for relief from judgment. The Court also transfers the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. The Court grants

1

Petitioner's motion for leave to file reply to answer.

## I. Background

Petitioner was convicted of first-degree felony murder and armed robbery in the Saginaw County Circuit Court in 1981. Petitioner filed a petition for writ of habeas corpus in 1986. On April 16, 1987, Judge George La Plata denied the petition for writ of habeas corpus. The Sixth Circuit affirmed in part Judge La Plata's ruling but remanded the case for an evidentiary hearing on Petitioner's claim about whether the prosecutor violated Petitioner's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose to exculpatory evidence. Judge La Plata conducted an evidentiary hearing on August 14, 1989, after which he again denied Petitioner relief. The Sixth Circuit affirmed the decision. *Thompson v. Foltz,* 1990 WL 93389; 907 F.2d 151 (6th Cir. July 6, 1990)(Table); *cert. den.* 498 U.S. 971 (1990). [1]

Petitioner filed a second habeas petition, which was denied. *Thompson v. Johnson,* No. 1:96-CV-00003 (W.D. Mich. Jan. 9, 1997); *appeal dism.* 97-1132 (6th Cir. June 16, 1997); *cert. den.* 522 U.S. 1018 (1997).

On July 31, 2008, Petitioner was denied permission to file a successive habeas petition. *In Re Thompson,* No. 08-1225 (6th Cir. July 31, 2008).

In 2013, Petitioner again filed a motion for permission to file a successive habeas petition, claiming that the state judges who signed his arrest warrant and conducted his

---

[1] Because of the age of the case, the Court obtained much of the relevant case history from the Sixth Circuit's opinion.

trial lacked the jurisdiction to do so because they had not taken their oath of office. The Sixth Circuit denied Petitioner permission to file a succcessive habeas petition. *In Re Thompson,* No. 13-1400 (6th Cir. August 26, 2013).

Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4), both *pro se* and through counsel. Petitioner claims that Judge La Plata lacked subject matter over his 1986 habeas petition; Petitioner argues his state court conviction was and is void because the Saginaw County Circuit Court judge who presided over Petitioner's trial failed to comply with Michigan law by registering his oath of office with the Michigan Secretary of State. Petitioner seeks to have Judge La Plata's decisions to deny him habeas relief set aside. Petitioner also seeks to have his state court conviction vacated and requests to be released from incarceration.

## II. Discussion

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a

"defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Id.,* at 532.

Petitioner contends that the federal district court lacked jurisdiction over his habeas petition because his underlying state court judgment was void. Petitioner claims that the judge who presided over his trial never registered his oath of office with the Michigan Secretary of State's Office, as required by Mich. Const. 1963, Art. XI, Section 1 and Mich. Comp. Laws § 168.426n. Petitioner claims that pursuant to federal and state law, the trial judge, and thus the State of Michigan, lacked jurisdiction to impose his conviction and sentence.

Fed. R. Civ. P. 60(b)(4) indicates that a court may relieve a party from a final judgment, order, or proceeding because the judgment is void. A judgment is considered void, for purposes of 60(b)(4), if the court that rendered the judgment lacked jurisdiction over the subject matter or over the parties, or if the court acted in a manner that was inconsistent with due process of law. *Antoine v. Atlas Turner, Inc.,* 66 F. 3d 105, 108 (6th Cir. 1995)(quoting *In Re Edwards,* 962 F. 2d 641, 644 (7th Cir. 1992)).

Petitioner is not entitled to relief from judgment for several reasons.

First, although there is no published case law on the subject, two unpublished decisions by the Michigan Court of Appeals held that a trial judge's failure to register his oath of office with the Michigan Secretary of State's Office does not void a judge's authority to serve in his official capacity, provided that the judge took the oath of office.

*See American Axle & Mfg., Inc. v. Murdock*, No. 262786 and 265111, 2006 WL 3733887, * 6 (Mich.Ct. App. December 19, 2006); *Donkers v. Livonia Police Dept.*, No. 262348, 2005 WL 3239468, * 7-9 (Mich.Ct. App. December 1, 2005).  The Sixth Circuit rejected a similar jurisdictional challenge made by a federal prisoner. *See U.S. v. Conces,* 507 F.3d 1028, 1041 (6th Cir. 2007)(rejecting as frivolous the defendant's claim that the federal district court judge's failure to keep his "oaths of office" on file and to produce them upon the request of the defendant deprived the court of subject matter jurisdiction over the defendant's criminal case).  This Court rejected a similar argument in a § 1983 civil rights complaint. *See Jurich v. Campbell,* No. 2:13-12544, 2014 WL 109489, *2 (E.D. Mich. Jan. 13, 2014)("the failure of a judge to demonstrate that he or she has taken an oath of office does not divest a court of subject-matter jurisdiction").  Another judge in this district rejected a habeas petitioner's claim that he was entitled to habeas relief on the ground that the judge who presided over his trial failed to register his oath of office with the Michigan Secretary of State's Office. *See Robertson v. Howes*, No. 11-12325, 2011 WL 2490602, *3 (E.D. Mich. June 21, 2011)

Secondly, assuming that Petitioner's state court judgment was somehow void because of the judge's failure to register his oath of office, this did not deprive Judge La Plata of jurisdiction to adjudicate his habeas petition.  A state court's lack of jurisdiction over a criminal case can actually provide a basis for a state prisoner to obtain habeas relief in the federal court.  "[I]t has long been established that federal habeas corpus relief is available when a conviction is void for want of jurisdiction in the trial court." *Rhode v.*

5

*Olk-Long*, 84 F. 3d 284, 287 (8th Cir. 1996)(citing *Keizo v. Henry*, 211 U.S. 146, 148 (1908); *Ex parte Siebold*, 100 U.S. (10 Otto) 371, 375 (1879); *Houser v. United States*, 508 F. 2d 509, 512 (8th Cir.1974)). For many years in fact, a petition for writ of habeas corpus was limited only to those cases where a conviction was void because the trial court lacked jurisdiction. *Houser,* 508 F. 2d at 512 (citing *Frank v. Mangum*, 237 U.S. 309, 327 (1915)); *See also Turpin v. Sacks,* 291 F. 2d 223 (6th Cir. 1961)("Habeas corpus is not the proper remedy to obtain release from custody, unless the sentencing court was without jurisdiction, or the sentence was, in legal effect, null and void."). Since a federal court has jurisdiction to entertain a habeas challenge to a state court's jurisdiction over a criminal prosecution, the mere fact that the state court may have lacked jurisdiction over Petitioner's case did not deprive this Court's predecessor of jurisdiction over the habeas petition or render the judgment void. To the extent that Petitioner's motion for relief from judgment challenges an alleged defect in the proceedings, it is denied.

To the extent that Petitioner seeks to have his state court conviction set aside, he is required to obtain authorization from the Sixth Circuit before he could obtain habeas relief on his claim.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). Petitioner's claim that the state court lacked jurisdiction is subject to the limitations on the filing of successive habeas petitions contained within 28 U.S.C. § 2244(b)(3)(A). See *Clark v. Milyard,* 341 Fed. Appx. 353, 354 (10th Cir. 2009).

Moreover, to the extent that Petitioner is contending that the Sixth Circuit erred in declining to grant him permission to file a second or successive habeas petition based on his claim that the judge's failure to file his oath deprived the state court of jurisdiction, a district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001).

Petitioner previously filed a habeas petition with the federal courts. Although Petitioner would not have been required to obtain a certificate of authorization following

the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, See *Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed on the merits. Petitioner's current Rule 60(b) motion, to the extent it challenges his state court conviction, is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III. CONCLUSION

Based on the foregoing, the Court denies in part the motion for relief from judgment [Dkt. # 108].

The Court further **ORDERS** the Clerk of the Court to transfer the motion for relief from judgment [Dkt. # 108] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The Court grants Petitioner's motion for leave to file a reply to the answer. [Dkt. # 115].

S/Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
UNITED STATES DISTRICT JUDGE

DATED: April 9, 2015