**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT G. THOMPSON,

      Petitioner,                        Civil No. 5:86-CV-60201

                                              HONORABLE VICTORIA A. ROBERTS

v.                                        UNITED STATES DISTRICT JUDGE

DALE FOLTZ,

      Respondent,

_____/

## OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY

Robert G. Thompson, ("Petitioner"), filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). Petitioner claimed that this Court's predecessor, Judge George La Plata, lacked subject matter jurisdiction to adjudicate his 1986 habeas petition, in which Petitioner challenged his 1981 state court conviction for first-degree felony murder and armed robbery, because his conviction was the result of a void state court judgment. This Court denied the motion for relief from judgment in part. The Court also transferred the case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination as to whether Petitioner should be permitted to file a second or successive habeas petition. *Thompson v. Foltz*, No. 5:86-CV-60201, 2015 WL 1600446 (E.D. Mich. Apr. 9, 2015).

The Sixth Circuit remanded the case for a determination concerning a certificate of appealability. *Thompson v. Foltz*, No. 15-1541 (6th Cir. July 16, 2015). For the reasons that follow, the Court denies Petitioner a certificate of appealability.

A certificate of appealability is required not only to appeal the initial denial of a petition for a writ of habeas corpus, but also for a habeas petitioner to appeal from the denial of a Rule 60(b) motion for relief from judgment. *See Johnson v. Bell,* 605 F.3d 333, 336 (6th Cir. 2010); *See also Wilson v. U.S.,* 287 F. App'x. 490 (6th Cir. 2008)(defendant was required to obtain a certificate of appealability before appealing the denial of his motion for relief from judgment denying his § 2255 motion to vacate sentence, which had been construed as a successive habeas petition). In order to obtain a certificate of appealability, the petitioner must show that reasonable jurists could debate that the Rule 60(b) motion could have been resolved differently or that the claims raised deserved further review. *Johnson,* 605 F.3d at 339 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

The Court denied the Rule 60(b) motion in part, rejecting Petitioner's argument that the state court judge lacked jurisdiction over his case because he failed to register his oath of office with the Michigan Secretary of State. The Court also ruled that even if the state court lacked jurisdiction to try Petitioner, this did not deprive Judge La Plata of jurisdiction to adjudicate the habeas petition. This Court concluded that to the extent Petitioner sought to have his state court conviction set aside, he was required to obtain authorization from the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) before he could obtain habeas relief on his claim. The Court ordered that the motion for relief from judgment should be transferred to the Sixth Circuit for a determination of whether Petitioner should be permitted to file a second or successive habeas petition.

Petitioner is not entitled to a certificate of appealability from the denial of his Rule 60(b) motion for relief from judgment; he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

A certificate of appealability is **DENIED.**

**IT IS ORDERED.**

S/Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
UNITED STATES DISTRICT JUDGE

DATED: 7/20/2015